UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT AZABEURE MITCHELL,

                Petitioner,                FILE NO. 1:05-CV-47

v.                                    HON. ROBERT HOLMES BELL

PAUL RENICO,

                Respondent.

_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issue a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #48). The matter presently is before the Court on Petitioner's objections to the R&R (docket #51). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

## I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001).  Under the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

## II.

Petitioner raises four basic objections to the Magistrate Judge's R&R.  Petitioner first claims that he was denied the opportunity to present a defense and a fair trial when the trial court denied his request to introduce specific, prior acts of violence committed by the victim decedent.  As the Magistrate Judge discussed, the Supreme Court long has held that, the Sixth Amendment's Compulsory Process Clause, incorporated by the Due Process Clause of the Fourteenth Amendment, guarantees state defendants the right to "establish a defense" as a "fundamental element of due process."  *Washington v. Texas*, 388 U.S. 14, 19 (1967).  *See*

2

also *Rock v. Arizona*, 483 U.S. 44 (1987); *Davis v. Alaska*, 415 U.S. 308 (1974); *Chambers v. Mississippi*, 410 U.S. 284 (1973). Evidentiary rules abridge the right to meaningful opportunity to present a defense if such rules both "infring[e] upon a weighty interest of the accused" and are "arbitrary" or "disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

Petitioner does not dispute the legal standard governing the right to present a defense. Instead, Petitioner appears to assume that a due process error occurred and objects to the Magistrate Judge's failure to apply the harmless-error standard set forth in *Chapman v. California*, 386 U.S. 18 (1967) (requiring the state to prove that a constitutional error was harmless beyond a reasonable doubt). Petitioner's objection is without merit. The Magistrate Judge did not reach the question of harmless error, having determined that the exclusion of evidence in issue did not rise to the level of a due process violation. The Court has carefully reviewed the Magistrate Judge's analysis of Petitioner's first habeas issue and finds no error. As the Magistrate Judge concluded, since the evidentiary exclusion did not "significantly undermine[] fundamental elements of the accused's defense," *Scheffer*, 523 U.S. at 315, it did not rise to the level of a due process violation.[1]

---

[1] The Court observes that, even were the question of harmless error properly before the Court, the *Chapman* harmless-error standard would be inapplicable. A federal court on habeas review applies the harmless-error standard set forth in *Brecht v. Abrahamson*, 504 U.S. 619 (1993), under which "constitutional error is cause for federal habeas relief only if it has 'a substantial and injurious effect or influence in determining the jury's verdict.'" *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In his second objection, Petitioner asserts that his right to present a defense was violated when the trial court excluded from evidence the testimony of Dr. Stephen Berger, a psychiatrist who would have testified concerning the close relationship between Petitioner and his brother.  The evidence was offered in support of Petitioner's claim that he was acting in defense of a loved one, a variation of Michigan's law of self-defense.  *See Pond v. People*, 8 Mich. 150 (1860); *People v. Wright*, 181 N.W.2d 649 (Mich. Ct. App. 1970).

Again applying the case law applicable to the right to present a defense, the Magistrate Judge concluded that Petitioner was fully entitled under Michigan law to bring his claim that he was acting in defense of any other person, including his brother, when he shot the decedent.  As a result, the Magistrate Judge found that the nature of Petitioner's relationship to his brother was irrelevant to his defense.  Moreover, assuming that the close relationship made it more likely that Petitioner would respond to a perceived threat, the Magistrate Judge noted that Petitioner was not barred from introducing evidence of his relationship with his brother.  Petitioner's own testimony and that of his stepmother and grandmother all established the closeness of Petitioner's relationship to his brother.  The Magistrate Judge therefore reasoned that the exclusion of Dr. Berger's testimony did not prevent Petitioner from presenting facts in support of his defense.  *See United States v. Scheffer*, 523 U.S. 303, 317 (1998).

Petitioner argues that, because he believes the credibility of his defense would have been enhanced by an expert's testimony, his right to present a defense was constitutionally impaired.  The Supreme Court, however, has rejected the proposition that the Due Process

4

Clause guarantees the right to introduce all relevant evidence. *Montana v. Egelhoff*, 518 U.S. 37, 41-42 (1996). As previously discussed, the right is only impaired by the exclusion of "important evidence on the basis of an arbitrary, mechanistic, or *per se* rule, or one that is disproportionate to the purposes it is designed to serve." *Alley v. Bell*, 307 F.3d 380, 394 (6th Cir. 2002). Even then, the petitioner must demonstrate that the exclusion of evidence significantly undermined fundamental elements of the accused's defense. *Scheffer*, 523 U.S. at 315. Applying that rule, the Court adopts the Magistrate Judge's well-reasoned conclusion that Petitioner's due process right was not violated by the trial court's exclusion of Dr. Berger's testimony.

In his third objection, Petitioner challenges the Magistrate Judge's rejection of his claim of prosecutorial misconduct. Petitioner asserts that the Magistrate Judge erred in considering his claim to be procedurally defaulted. Petitioner's objection is meritless. Although the Magistrate Judge noted that the claim appeared to be procedurally defaulted, he did not rest his decision on that procedural default, but instead exercised his discretion to reach the merits and avoid the complexities of the default analysis. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (where analysis of procedural default is complex, court may skip the issue and proceed to the merits). Since the Magistrate Judge did not rely upon Petitioner's apparent default, Petitioner's objection is frivolous.

Petitioner also vaguely objects to the Magistrate Judge's determination that Petitioner was not denied a fair trial by prosecutorial misconduct. His objection, however, is nonspecific, amounting to a general reiteration of his habeas claim. As the Court previously

5

has noted, a general objection to a magistrate's report does not satisfy the requirement that an objection be filed. *See Miller*, 50 F.3d at 380. Moreover, the Court has fully reviewed Petitioner's third ground for habeas relief and finds no error in the Magistrate Judge's analysis of that claim.

As a final matter, Petitioner objects to this Court's October 19, 2005 opinion and order dismissing Grounds 2, 3, 4 and 6 of the petition (Docket ##37, 38). Petitioner argues that the Court improperly dismissed the four claims as unexhausted, thereby depriving Petitioner of his opportunity to exhaust those claims in the state courts.

Once again, Petitioner's argument is frivolous. While the Court discussed in its October 19, 2005 opinion the fact that Petitioner's claims were not properly exhausted, the Court's dismissal did not rest on exhaustion, but on review of the claims on the merits. The AEDPA expressly grants authority to the district court to deny habeas relief, notwithstanding the failure to exhaust. *See* 28 U.S.C. § 2254(b)(2). Accordingly, no basis for reconsideration exists on this record.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. A judgment consistent with this opinion shall be entered.

Date:      May 31, 2006                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE